The Honorable Jim Lendall State Representative 10625 Legion Hut Road Mabelvale, AR 72103-2207
Dear Representative Lendall:
You have requested an Attorney General opinion in response to the following question:
 Are there any laws or regulations on the state level that would prohibit interpreting A.C.A. § 5-64-401(c) to permit the possession of marijuana for medicinal purposes?
It is my opinion, as explained more fully below, that certain state regulations prohibit interpreting the exception language contained in A.C.A. § 5-64-401(c) to permit the possession of marijuana for medicinal purposes.[1] A.C.A. § 5-64-401(c) states:
 (c) It is unlawful for any person to possess a controlled substance or counterfeit substance unless the substance was obtained directly from, or pursuant to, a valid prescription or order of a practitioner while acting in the course of his professional practice, or except as otherwise authorized by this chapter.
A.C.A. § 5-64-401(c) (emphasis added).
The term "controlled substance," as used in the above-quoted statute, is defined as follows:
 (d) "Controlled substance" means a drug, substance, or immediate precursor in Schedules I through VI;
A.C.A. § 5-64-101(d).
Marijuana is included in Schedule VI. See A.C.A. § 5-64-215. It is therefore a "controlled substance," within the meaning of state law. However, the fact that marijuana is a controlled substance does not mean that the exception language of A.C.A. § 5-64-401(c), quoted above, applies to it. All controlled substances are not available by prescription for medicinal purposes.
Under the Arkansas Department of Health Rules and Regulations Pertaining to Controlled Substances, Section 1, all "practitioners"[2] [such as those referenced in A.C.A. § 5-64-401(c)] who deal with controlled substances in the course of their profession are required to obtain certificates of registration pursuant to federal law and Drug Enforcement Administration regulations that govern controlled substances. Moreover, Section 8 of the Department of Health Rules and Regulations Pertaining to Controlled Substances provides that "[a] prescription or an order for controlled substances may be issued only by an individual practitioner who is legally authorized to prescribe or order controlled substances in the State of Arkansas and who holds a current Federal D.E.A. Registration."
Therefore, "practitioners" in Arkansas are subject to federal laws and regulations that govern persons who are registered with the Drug Enforcement Administration. Under applicable federal statutory law (the federal "Controlled Substances Act," 21 U.S.C. § 801 et seq.), no applicant can be registered to dispense controlled substances that are listed on federal Schedule I[3] of controlled substances. See21 U.S.C. § 823. Applicants may be registered to dispense only controlled substances that are listed on federal Schedules II through V. Marijuana is listed on federal Schedule I.[4] See 21 C.F.R. § 1301.11(19). Therefore, "practitioners" in Arkansas cannot be registered to dispense marijuana.[5]
The term "dispense," as used in 21 U.S.C. § 823, cited above, is defined as follows:
 [T]o deliver a controlled substance to an ultimate user or research subject by, or pursuant to the lawful order of, a practitioner, including the prescribing and administering of a controlled substance and the packaging, labeling, or compounding necessary to prepare the substance for such delivery.
21 U.S.C. 802(10).
It should be noted that applicable federal law differentiates between "dispensing" and "distributing." "Distributing" is defined as follows: "[T]o deliver (other than by administering or dispensing) a controlled substance or a listed chemical." 21 U.S.C. § 802(11). Registrations can be granted to manufacture and distribute Schedule I controlled substances. See 21 U.S.C. §§ 823(a)(b), and (c). The activities of manufacturing and distributing, however, do not involve ultimate users, and therefore cannot be used as authority for the possession of marijuana for medicinal purposes under Arkansas law. In order for the possession of marijuana for such purposes to be lawful in Arkansas, the marijuana must be obtained through an order or prescription — that is, through an act of dispensing. See A.C.A. § 5-64-401(c).
Because practitioners in Arkansas cannot, under federal law,[6] order or prescribe (i.e., "dispense") marijuana, I must conclude that the exception language contained in A.C.A. § 5-64-401(c) does not authorize the possession of marijuana for medicinal purposes. I reiterate, however, that a drug known as marinol (or by its chemical name, dronabinol), which contains a synthetic form of the primary ingredient in marijuana, is available by prescription for medicinal purposes.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SA/cyh
[1] However, a drug known as "marinol" (or by its chemical name "dronabinol"), which contains a synthetic form of the primary ingredient in marijuana, is available by prescription for medicinal purposes.
[2] The term "practitioners," as used in the Section 1 of the Department of Health Rules and Regulations Pertaining to Controlled Substances, is defined as follows:
 A. A physician, podiatric physician, osteopathic physician, dentist, veterinarian, optometrist, scientific investigator, researcher, mid-level practitioner, or other persons licensed, registered, or otherwise permitted to prescribe, dispense, distribute, administer or conduct research with respect to controlled substances in the course of professional practice or research in Arkansas.
 B. A pharmacy, hospital or related institution, manufacturer, wholesaler, distributor or other institutions or facilities, licensed, registered, or otherwise permitted to distribute, dispense, conduct research with respect to, or to administer a controlled substance in the course of professional practice or research in Arkansas.
 C. Persons authorized and registered by the Director, Arkansas Department of Health to engage in research on the use and effects of controlled substances, including persons conducting instructional activities, conducting chemical analysis, or conducting animal training or animal euthanasia with controlled substances in the course of practice approved and registered by the Director.
[3] It should be noted that the federal schedules of controlled substances are not identical to Arkansas' schedules of controlled substances. Marijuana is listed on federal Schedule I, but is listed on Arkansas' Schedule VI.
[4] As previously noted, the drug known as "marinol" (or by its chemical name "dronabinol"), which contains a synthetic form of tetrahydrocannabinol (the primary ingredient in marijuana), is listed on federal Schedule III, and is available by prescription.
[5] The exception to this rule is that in narrowly-construed, specialized circumstances, registration can be granted for purposes of research on Schedule I controlled substances. See 21 U.S.C. § 823(f). If such a specialized registration is granted, the practitioner who holds this registration presumably may dispense the approved Schedule I substance to research subjects, if the grant of registration has approved such an activity.
[6] I am cognizant of the fact that your question is limited to whether state law prohibits interpreting A.C.A. § 5-64-401(c) to permit the possession of marijuana for medicinal purposes. However, as this opinion has made clear, Arkansas law on this issue expressly incorporates federal law. Your question therefore cannot be addressed without considering federal law.